UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL T. SMITH, Individually and as Executor of the ESTATE OF NORA M. SMITH,<br><br>        Plaintiff<br><br>v.<br><br>ROBERTSHAW CONTROLS COMPANY, AMERICAN WATER HEATER COMPANY and AMERIGAS PROPANE, L.P., RHEEM MANUFACTURING CO., AND DONALD L. DORNBECK,<br><br>        Defendants | CIVIL ACTION NO. 00-CV-11239 GAO |

## DEFENDANT AMERICAN WATER HEATER COMPANY'S MOTION TO STRIKE AFFIDAVIT OF DAVID C. COX, P.E., DATED OCTOBER, 2003 FILED IN OPPOSITION TO AMERICAN WATER HEATER COMPANY'S MOTION FOR SUMMARY JUDGMENT AND AS PLAINTIFF'S SUPPLEMENTAL EXPERT DISCLOSURE

The defendant, American Water Heater Company, Inc. hereby moves to strike the Affidavit of David C. Cox, P.E., dated October 2003 and filed with this court by the Plaintiff in Opposition to Defendants' Motions for Summary Judgment and Defendants' Motions in Limine. The Affidavit of David C. Cox, P.E. was also served on the Defendants' on November 18, 2003 as a Third Supplemental Response to Robertshaw Control Company's and Amerigas Propane, L.P.'s expert interrogatories.

As grounds for this Motion, American Water Heater Company states as follows:

1. The Plaintiff's submission of a "supplemental" affidavit by David C. Cox, P.E. is an attempt to impermissibly supplement his expert disclosures, less than sixty days before trial, and to avoid the Plaintiff's obligations under Fed. R. Civ. P. 26.

21131.1

2. On or about December 20, 2002, <u>after the established time period for the Plaintiff's submission of Rule 26(a)(2) had passed</u>, the Plaintiff served Mr. Cox's December 20, 2002 report and attachments as his purported Rule 26 expert disclosure. Thereafter, the Plaintiff "supplemented" his expert disclosure with a report dated January 14, 2003. Now, **over a year after the applicable Rule 26(a)(2) deadline**, the Plaintiff has filed and served the Defendant's with a "supplemental" expert affidavit.

3. After the Defendants received these two reports which the Plaintiff represented to be his Rule 26(a)(2) expert disclosure, Mr. Cox's deposition was taken. Mr. Cox's deposition was commenced on January 16, 2003 and concluded on February 5, 2003.

4. In accordance with the established discovery schedule in this matter, the Defendants thereafter served their Rule 26 disclosures and the depositions of the Defendants' designated experts were taken.

5. On June 26, 2003 a status conference was held in this matter and at that time, after the Defendants indicated they would be filing dispositive motions in this matter, the court established a deadline for the end of September for the filing of dispositive motions. The court also at that time scheduled a December 19, 2003 Pretrial Conference and a January 12, 2004 trial date.

6. Consistent with the above scheduling order on or about September 30, 2003 American Water Heater Company filed a Motion for Summary Judgment in this matter. At that time, American Water Heater Company also filed a Motion in

Limine to preclude the testimony of the Plaintiff's designated expert, David C. Cox, P.E.

7. On or about November 18, 2003, the Plaintiff served his Opposition to American Water Heater Company's Motion for Summary and Motion in Limine, in the form of an "omnibus" opposition to American Water Heater Company's and the other Defendants' motions. Specifically, the Plaintiff's "omnibus" opposition consisted of the following documents: (1) Plaintiff Daniel Smith's Combined Response to Defendant Amerigas Propane LP's and American Water Heater Company's Concise Statement of Facts, and Statement of Facts in Dispute; (2) Plaintiff Daniel Smith's Omnibus Opposition to Defendants' Motions in Limine; (3) Plaintiff Daniel Smith's Combined Memorandum in Opposition to Motions for Summary Judgment of Defendant Amerigas Propane, LP and Defendant American Water Heater Company; (4) Affidavit of David E. Cox, P.E., dated October 2003; and (5) Affidavit of Liam C. Floyd, Esq. In Support of Plaintiff Daniel Smith's Oppositions to Motions for Summary Judgment and Motions In Limine of Defendants American Water Heater Company, Amerigas Propane LP and Robertshaw Controls Company.

8. The Plaintiff's attempt to now, after American Water Heater Company has moved *in limine* to exclude Mr. Cox's testimony from the trial of this matter, is not permitted by the Federal Rules and American Water Heater Company would be unduly prejudiced if the Plaintiff were allowed to supplement his expert disclosure *after the end of discovery in this case, and less than two months before the scheduled of this matter.* While the Plaintiff suggests the supplemental

affidavit of Mr. Cox does not expand the scope of the Plaintiff's prior expert disclosure, American Water Heater Company respectfully disagrees and notes a simple comparison of the information contained in Mr. Cox's December 20, 2002 and February 13, 2003 reports, and the information contained in his October, 2003 make this clear. Moreover, common sense makes clear that if the opinions and information in the supplemental affidavit were contained in the Plaintiff's prior Rule 26 disclosure, there would have been no need to have Mr. Cox prepare a supplemental affidavit.

9. In his October, 2003 Affidavit (paragraph 7), Mr. Cox states that the Affidavit was submitted in an effort to "further elaborate on the methodology used" in his December 20, 2002 report. This is not permitted under Rule 26 which requires the parties to timely file a report which "shall contain a **complete** statement of **all** opinions to be expressed **and the basis and reasons therefore; the date or other information considered by the witness in forming the opinions** ..." Fed. R. Civ. P. 26(a)(2)(B). Since an important object of these rules is to avoid trial by ambush, the district court typically sets temporal parameters for the production of such information. Such a timetable promotes fairness fin both the discovery process and at trial. When a party fails to comply with this timetable, the district court has the authority to impose a condign sanction (including the authority to preclude late-disclosed expert testimony).

10. Pursuant to Fed. R. Civ. P. 37(c)(1) a <u>party that fails</u> "without substantial justification <u>to disclose information</u> required by Rule 26(a) or 26(e)(1), or to amend a prior response as required by Rule 26(e)(2) is not, unless such failure is

21131.1

4

harmless, permitted to use as evidence at trial, at hearing, or on a motion any witness or information not so disclosed."

11. The Plaintiff's effort to supplement their expert disclosure in this manner is unduly prejudicial to the Defendants as they did not have the opportunity to depose and question Mr. Cox regarding the "supplemental" information which the Plaintiff now seeks to put before the court and make part of the Plaintiff's expert disclosure. Moreover, anticipating that the Plaintiff may assert that the Defendants had an opportunity to cross-examine the Plaintiff as to the basis of his opinions during his deposition, American Water Heater Company respectfully states that any such cross-examination which occurred was shaped, and based upon, the Plaintiff's prior disclosure and does not relieve the Plaintiff of his obligations under Rule 26.

12. Mr. Cox's October 2003 Affidavit undeniably contains new statements and "opinions" which were not previously disclosed as evidenced by Mr. Cox's assertions in paragraph 11 of the October 2003 Affidavit that the photographs on the water heater show a burn and soot pattern which is the classic "inverted v" or "inverted cone" pattern that is referenced in the NFPA 921 Guide, chapter 4.17.2.1. *Nowhere* in Mr. Cox's December 20, 2002 report or his January 14, 2003 report does he reference what he now calls a "classic" "inverted v" or "inverted cone" pattern. Understandably then, Mr. Cox's deposition, his Mr. Cox's deposition did not include questions regarding his opinions regarding an "inverted v" or "inverted cone" pattern and the meaning of the same. This is just one example of the unfair prejudice which the defendant would suffer if the

21131.1

5

Plaintiff were allowed to supplement his expert disclosure in this manner. The defendant was entitled to have Mr. Cox's **complete** statement of **all** of his opinions and his basis for the same, in a timely fashion during the discovery phase of this litigation.

For the foregoing reasons, American Water Heater Company respectfully moves to strike the Affidavit of David E. Cox, P.E., dated October 2003 in its entirely from the record in this case.

Respectfully submitted,
Defendant,
American Water Heater Company,
By its attorneys,

_____ 12/5/03
Maynard M. Kirpalani, BBO#273940
Helen E. Tsingos, BBO# 629762
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
155 Federal Street
Boston, MA 02110
(617) 422-5300

## CERTIFICATE OF SERVICE

I, Helen E. Tsingos, hereby certify that I have this 5th day of December, 2003, served a copy of the foregoing upon all parties of record by facsimile and first class mail postage prepaid to the following:

Mark Bourbeau, Esq.
Liam C. Floyd, Esq.
Bourbeau & Floyd, LP
266 Beacon Street, 4th Floor
Boston, MA  02116

Michael W. Gallagher, Esq.
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA  01852

Frank W. Beckstein III, Esq.
Nelson, Kinder, Mosseau & Saturley, P.C.
45 Milk Street, 5th Floor
Boston, MA  02109

Helen E. Tsingos

21131.1

7